IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COOPER BEENE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1603-K-BD |
| | § | |
| DALLAS COUNTY SHERIFF'S DEPARTMENT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Cooper Beene, a Texas prisoner, alleging that he received inadequate medical care while incarcerated in the Dallas County Jail and that two jail employees wrongfully disposed of his personal property. On July 12, 2011, plaintiff tendered a mostly blank complaint form to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. As directed by the court, plaintiff amended his complaint on August 29, 2011. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on October 26,

2011. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to allege that he was prescribed an excessive amount of blood pressure medication in December 2009 and October 2010, causing him to pass-out and fall on both occasions. (*See* Mag. J. Interrog. #3, 6; Plf. Attch. at Page ID 76-78, 89-91). As a result of these falls, plaintiff suffered multiple injuries, including a lacerated forehead and a fractured orbit. (*See* Mag. J. Interrog. #1(c), 3, 6; Plf. Am. Compl. at 4, ¶ V; Plf. Attch. at Page ID 78-80, 94, 102). While at the hospital receiving treatment for these injuries, plaintiff alleges that two Special Response Team officers threw away his partial plate during a "shake down" of his cell. (*See* Mag. J. Interrog. #1(b), 4(a), 5). By this suit, plaintiff seeks $500,000 in compensatory and punitive damages, which includes the cost of replacing his partial plate. (*See* Mag. J. Interrog. #2).

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

### B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas County Sheriff's Department. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). The Dallas County Sheriff's Department is not a separate legal entity having jural authority. *See, e.g. Longoria v. Dallas County Sheriff's Dept.*, No. 3-09-CV-1684-O, 2009 WL 4884157 at *2 (N.D. Tex. Dec. 16, 2009) (Dallas County Sheriff's Department is not a proper defendant with jural existence); *Champion v. Parkland Jail Health*, No. 3-09-CV-0689-M, 2009 WL 1904816 at *2 (N.D. Tex. Jul. 2, 2009) (same). Consequently, all claims against this defendant should be dismissed.

### C.

Even if the Dallas County Sheriff's Department was a proper party to this suit, plaintiff has failed to state a claim for inadequate medical care under the Eighth Amendment to the United States Constitution. To establish a constitutional violation, a prisoner must show that jail officials acted

with deliberate indifference to a serious medical condition such as to cause the "unnecessary or wanton infliction of pain[.]" *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that jail officials were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Mere negligence does not constitute deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.), *cert. denied*, 120 S.Ct. 249 (1999). Rather, a prisoner must show that jail officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

The gravamen of plaintiff's medical care claim is that he twice was given an excessive dose of blood pressure medication, which caused him to pass-out and fall. (*See* Mag. J. Interrog. #1(b), 6). However, no facts are alleged by plaintiff in his complaint or interrogatory answers to suggest that anyone at the jail was deliberately indifferent to his medical needs. At most, plaintiff has stated a claim for medical negligence, which is not actionable under 42 U.S.C. § 1983. *Stewart*, 174 F.3d at 534; *see also Preston v. Normand*, No. 10-1667, 2010 WL 5375966 at *6-9 (E.D. La. Nov. 17, 2010), *rec. adopted*, 2010 WL 5376345 (E.D. La. Dec. 14, 2010) (summarily dismissing section 1983 deliberate indifference claim alleging that jail officials administered wrong medication that caused prisoner to fall and hurt himself); *Hicks v. Lauderdale County Jail*, No. 4-07-CV-147-LRA, 2009 WL 2366073 at *2 (S.D. Miss. Jul. 29, 2009) (same).

D.

Nor can plaintiff sue for the loss of his partial plate. The intentional deprivation of property does not give rise to a civil rights claim unless the plaintiff can show that state remedies are

inadequate. *See Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Brooks v. George Co.*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996). Texas provides an adequate post-deprivation remedy by way of a common law cause of action for conversion. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). As a result, plaintiff cannot maintain a cause of action under 42 U.S.C. § 1983.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 4, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE